FILED

DEC 17 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KEITH CHUNG, | No. 09-55587 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-07379-AHM-VBK |
| v. | |
| CITY OF LOS ANGELES; KATHRYN PASCHAL, Los Angeles Police Department Officer; HECTOR GUTIERREZ, Los Angeles Police Department Officer; ALAN KREITZMAN, Los Angeles Police Department Officer; ROLANDO SOLANO, Los Angeles Police Department Officer; SAUL PAREDES; BRAND SECURITY CORPORATION; HEATHER HOLDRIDGE; INTELLECTUAL PROPERTY ENFORCEMENT COMPANY; CARLOS FERNANDEZ; JOHN FERNANDEZ, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
A. Howard Matz, District Judge, Presiding

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted October 6, 2010
Pasadena, California

Before: CUDAHY, [**] Senior Circuit Judge, and WARDLAW and W. FLETCHER, Circuit Judges

Plaintiff Keith Chung appeals from summary judgment granted to defendants. For the reasons below, we AFFIRM the decision of the district court with respect to Chung's negligence and § 1983 claims against the city defendants; AFFIRM with respect to Chung's negligence and conversion claims against defendant John Fernandez; and REVERSE with respect to Chung's negligence and conversion claims against defendants Brand Security Corporation, Heather Holdridge, Intellectual Property Enforcement Company and Carlos Fernandez.

1. The City Defendants

a. § 1983 Actions

In order to seize Chung's goods without a warrant, the police needed to have probable cause to believe that his goods were counterfeit. *See G&G Jewelry, Inc. v. City of Oakland*, 989 F.2d 1093, 1099-1101 (9th Cir. 1993). In determining whether an informant's tip supplied officers with probable cause, we consider (a)

---

[**] The Honorable Richard D. Cudahy, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

2

the informant's motivation to tell the truth, (b) the level of detail of description of alleged wrongdoing and (c) the reliability of previous information provided. *See Illinois v. Gates*, 462 U.S. 213, 234 (1983).

We have noted that "[i]f the informant has provided accurate information on past occasions, he may be presumed trustworthy on subsequent occasions." *United States v. Angulo-Lopez*, 791 F.2d 1394, 1397 (9th Cir. 1986) (citing *United States v. Alexander*, 761 F.2d 1294, 1300 (9th Cir. 1985)). Further, "[w]hen the information provided in the past involved the same type of criminal activity as the current information, the inference of trustworthiness is even stronger." *Angulo-Lopez*, 791 F.2d at 1397 (citing *Gates*, 462 U.S. at 233). Still further, we have held that there can be sufficient indicia of reliability even when an informant has a motive to hurt the person against whom he or she is informing. *See, e.g.*, *United States v. Willis*, 647 F.2d 54, 58-59 (9th Cir. 1981). Finally, an informant's reliability can be demonstrated by independent police corroboration. *Angulo-Lopez*, 791 F.2d at 1397 (citing *United States v. Freitas*, 716 F.2d 1216, 1222 (9th Cir. 1983)).

Carlos Fernandez was a trusted police source. Officer Kreitzman did an internet search to verify Fernandez's *bona fides* and some of the information Fernandez provided police, such as the price of Bapes tennis shoes. Further, in

3

their supplemental declarations, all five officers indicated that Fernandez and Heather Holdridge gave them detailed information about the criteria for determining which items were counterfeit, such as the stitching, the tags and the placement of the logos and pockets. Finally, the suspiciously cheap price of the "Bapes" shoes offered corroboration for the informants' claims. It is true that Fernandez and Holdridge, who work for apparel manufacturers, may have been biased against Chung and therefore may have been inclined to overstate the amount of allegedly counterfeit merchandise. But balanced against Fernandez's past work with the department, Kreitzman's independent verification of Fernandez's *bona fides* and the detail of description the tipsters provided of Chung's alleged wrongdoing, the officers had probable cause to seize Chung's merchandise.

Federal Rule of Civil Procedure 56 (e) allows "affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits." Further, in *Hoffman v. Tonnemacher*, 593 F.3d 908 (9th Cir. 2010), we held that "district courts have discretion to entertain successive motions for summary judgment." *Id.* at 911. "[A] successive motion for summary judgment is particularly appropriate on an expanded factual record." *Id.* Here, the district court permitted the city defendants to amend their affidavits to testify as to one issue of a material fact that remained in dispute. Chung was also given an

4

opportunity to submit relevant evidence to contradict the evidence in the supplemental declarations. The district court did not abuse its discretion in entertaining a second motion for summary judgment. *Id*. at 911-12.

b. Negligence Claims against the City Defendants

Before bringing a negligence claim against a public entity, a claim must be made to the California Victim Compensation and Government Claims Board. California Government Code § 905.2(b)(3). In the case of injury to property, the claim must be made within six months of the accrual of the cause of action. *Id*. at § 911.2(a). Chung brought his claims before the Board more than a year after his case accrued, *i.e.* the date he was injured. *See id*. at § 901. His claims are therefore time-barred. The time was not tolled while his criminal charges were pending. *Id*. at § 945.3.

2. The Private Defendants

a. Negligence Claims

The private defendants owed Chung a duty to inspect the goods with the care expected of professional counterfeit investigators. Chung has raised a triable issue of fact concerning whether the private defendants acted with such care. Gabriele Goldaper declared that the only acceptable method of identifying counterfeit merchandise is to examine it side by side with authentic merchandise. Theories of

5

dueling experts create a triable issue of fact. *Hernandez v. KWPH Enterprises*, 116 Cal.App.4th 170, 175-6 (Cal. App. 2004).

Chung, however, has failed to demonstrate that private defendant John Fernandez participated in the negligent identification of the allegedly counterfeit merchandise on the day of the seizure.

Chung must also prove that he suffered damages as a result of the negligent inspection. The district court held that in order to prove damages, Chung must prove that his goods were not counterfeit. If his goods were counterfeit, he did not suffer injury because he had no right to sell the counterfeit merchandise.

Here, too, Chung raises an issue of triable fact. In her affidavit, Mrs. Chung states that she put a distinctive mark on all of the merchandise in the store to prevent fraudulent returns. Mr. Chung declared that the evidence he examined at the September 11, 2008 inspection did not bear this distinctive mark and was therefore not the merchandise seized from their store on June 26, 2006. Further, at oral argument counsel for Brand Security and Heather Holdridge admitted that only some of the clothing inspected during discovery bore this distinctive mark. If Mrs. Chung's statement is true, the admission that only some of the clothes bore the mark thus partially corroborates Chung's contention that the merchandise seized at their store was replaced with other clothing for the inspection during discovery.

Interpreting the evidence in the light most favorable to the plaintiffs, a juror could conclude that genuine or off-brand merchandise was improperly seized from Cotton Traders because of negligent identification, and that when the defendants realized this mistake, they replaced at least some of the seized merchandise with merchandise not seized from Chung's store.

The private defendants argue that even if they negligently supplied the police with incorrect information about the allegedly counterfeit goods, their communications are privileged under Cal. Civ. Code § 47(b). We disagree. It is true that the California Supreme Court has interpreted Cal. Civ. Code 47(b) expansively. The so-called "litigation privilege" shields communications to police officers that initiate investigations. *Hagberg v. Cal. Fed. Bank FSB*, 32 Cal.4th 350, 364 (2004). But the California Courts have refused to extend this protection to non-communicative conduct. *Action Apartment Ass'n, Inc. v. City of Santa Monica*, 41 Cal.4th 1232, 1248 (2007). "The distinction between communicative and noncommunicative conduct hinges on the *gravamen of the action.* That is, the key in determining whether the privilege applies is whether the injury allegedly resulted from an *act that was communicative in its essential nature.*" *Id.*, quoting *Rusheen v. Cohen*, 37 Cal.4th 1048, 1058 (2006) (citations omitted, emphasis in original). Similarly, the California courts have not shielded doctors for negligent medical

7

examination. *Mero v. Sadoff*, 31 Cal.App.4th 1466, 1480 (1995). Here, the gravamen of the action was not Fernandez and Holdridge's communication with the police; rather, it was their examination of the alleged counterfeit merchandise. It is true that both Fernandez and Holdridge appeared to articulate the basis for their determinations, but this was no more than a statement of what the officers were witnessing. *See Buchanan v. Maxfield Enters., Inc.*, 130 Cal.App.4th 418, 425 (2005).

b. Conversion

For the same reason the negligence claims survive, Chung's conversion claims against the private defendants survive. A juror could conclude that Holdridge and Carlos Fernandez replaced the seized merchandise with other counterfeit goods, thereby converting Chung's merchandise. For the goods that were produced on September 11 that had actually come from Chung's store, however, Chung's conversion claim cannot survive. Carlos Fernandez and IPEC merely serve as bailees for the Los Angeles Police who in turn serve as custodians for the court. *See, e.g. City of Garden Grove v. Superior Court*, 157 Cal.App.4th 355, 366 (2007).

Finally, conversion requires that the injured party have a right of possession to the converted goods. *Burlesci v. Petersen*, 68 Cal.App.4th 1062, 1065 (1998).

8

Defendants argue that Chung's conversion claims cannot survive if the seized items were counterfeit, because Chung had no "right of possession" to counterfeit goods. For this proposition, they cite 18 U.S.C. § 2320. The statute subjects counterfeit merchandise to forfeiture. But defendants read the statute too broadly. Even if Chung's merchandise were subject to forfeiture to the United States Government, *see id.* at § 2323(a)(1), this did not entirely extinguish Chung's right to possession. Indeed, § 2323 outlines extensive procedures for forfeiting counterfeit merchandise. It does not authorize any person, without limitation, to take counterfeit goods from another.

**AFFIRMED** in part, **REVERSED** in part. Costs on appeal shall be divided between appellant Chung and Appellees Brand Security Corporation, Heather Holdridge, Intellectual Property Corporation and Carlos Fernandez.