

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KEITH CHUNG, | No. 12-56702 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-07379-RT-VBK |
| v. | |
| CITY OF LOS ANGELES; et al., | MEMORANDUM[*] |
| Defendants, | |
| and | |
| BRAND SECURITY CORPORATION; HEATHER HOLDRIDGE; INTELLECTUAL PROPERTY ENFORCEMENT COMPANY; and CARLOS FERNANDEZ, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Robert J. Timlin, Senior District Judge, Presiding

Submitted December 10, 2014[**]
Pasadena, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

Before: GRABER, GOULD, and CALLAHAN, Circuit Judges.

Plaintiff Keith Chung appeals from the district court's grant of judgment as a matter of law to Defendants Brand Security Corporation, Heather Holdridge, Intellectual Property Enforcement Company, and Carlos Fernandez following a remand. Chung v. City of Los Angeles, 406 F. App'x 207 (9th Cir. 2010) (unpublished). Reviewing de novo, Hagen v. City of Eugene, 736 F.3d 1251, 1256 (9th Cir. 2013), we affirm.

1. The district court properly granted judgment as a matter of law on the negligence claim. Defendant Fernandez was the sole expert witness to testify as to the requisite professional standard of care. Plaintiff presented no evidence that Defendants failed to apply that level of care. See Chung, 406 F. App'x at 209 (remanding because Plaintiff raised a triable issue of fact "concerning whether the private defendants acted with" the "care expected of professional counterfeit investigators"). Because no reasonable juror could find for Plaintiff on the issue of breach, Plaintiff's claim fails. Hernandez v. KWPH Enters., 10 Cal. Rptr. 3d 137, 141 (Ct. App. 2004).

2. The district court properly granted judgment as a matter of law on the conversion claim. In the initial appeal, we held that Plaintiff could not prevail with

respect to items "that had actually come from [Plaintiff's] store," but we remanded because a "juror could conclude that [some Defendants] replaced the seized merchandise with other counterfeit goods." Chung, 406 F. App'x at 211. On remand, Plaintiff expressly disavowed what the parties refer to as the "switch out" theory. Because Plaintiff no longer asserts that the goods were "switched out," the conversion claim necessarily fails. See, e.g., United States v. Van Alstyne, 584 F.3d 803, 813 (9th Cir. 2009) ("The law of the case doctrine provides that one panel of an appellate court will not as a general rule reconsider questions which another panel has decided on a prior appeal in the same case." (internal quotation marks omitted)).

**AFFIRMED.**