FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

DONNA HOFFMAN,
        *Plaintiff-Appellant,*

      v.

KENT TONNEMACHER, M.D.;
UNKNOWN PHYSICIANS,
        *Defendants,*

      and

MEMORIAL MEDICAL CENTER,
        *Defendant-Appellee.*

No. 08-16166

D.C. No.
CV-04-05714-AWI-
DLB

OPINION

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Chief District Judge, Presiding

Argued and Submitted
December 8, 2009—San Francisco, California

Filed January 21, 2010

Before: A. Wallace Tashima, Susan P. Graber, and
Jay S. Bybee, Circuit Judges.

Opinion by Judge Graber

## COUNSEL

Kevin G. Little, Fresno, California, for the plaintiff-appellant.

Lara M. Krieger, Greines, Martin, Stein & Richland LLP, Los Angeles, California, for the defendant-appellee.

---

## OPINION

GRABER, Circuit Judge:

Plaintiff Donna Hoffman sued Defendant Memorial Medical Center under the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd(a), after an emergency room physician failed to diagnose her bacterial infection. The district court granted in part and denied in part Defendant's pretrial motion for summary judgment, and the surviving claim went to trial. The jury deadlocked, and the district court declared a mistrial. Subsequently, the district court allowed Defendant to file another summary judgment motion which, this time, the court granted. On appeal, Plaintiff challenges the propriety of allowing this successive summary judgment motion. We hold that the district court has discretion to entertain successive motions for summary judgment and that the district court did not abuse its discretion in this instance.[1]

Plaintiff went to Defendant's emergency room by ambulance at about 11 p.m. on May 22, 2003, complaining of fever, chills, hyperventilation, cough, congestion, pain, numbness in her hands, nausea, and vomiting. Dr. Kent Tonnemacher, who worked in the emergency room, examined her and found that she had a fever of 102.3 degrees. Plaintiff reported that her temperature had been 106 degrees earlier in the day.

---

[1]Plaintiff also appeals the grant of summary judgment, two modifications of the pretrial order to allow the addition of a new expert witness and the later substitution of a different witness, and two evidentiary rulings. We address those issues separately in a memorandum disposition filed this date, reversing the grant of summary judgment and one evidentiary ruling and affirming as to the other issues.

Plaintiff informed Dr. Tonnemacher of her medical history, which included a splenectomy and a heart murmur. Dr. Tonnemacher ordered chest X-rays and a urinalysis, both of which were negative, but he did not order other tests such as a blood culture or a complete blood count. Dr. Tonnemacher diagnosed fever and viral bronchitis with a differential diagnosis of possible pneumonia. He discharged Plaintiff with a prescription for an oral antibiotic.

The following afternoon, Plaintiff returned to the emergency room in much worse condition. The emergency room doctor diagnosed bacterial sepsis and immediately hospitalized Plaintiff. Plaintiff's sepsis progressed to systemic inflammatory response syndrome, and she developed serious complications. Plaintiff survived, but doctors had to amputate six of her toes. Plaintiff was discharged after two months in the hospital.

Plaintiff sued Defendant for violation of EMTALA and both Defendant and Dr. Tonnemacher[2] for medical malpractice. Defendant filed a motion for partial summary judgment, which the district court denied under Federal Rule of Civil Procedure 56(f). After further discovery, Defendant moved again for summary judgment, which the district court granted in part and denied in part. Plaintiff's surviving claim alleged that Dr. Tonnemacher's screening examination constituted disparate treatment in violation of EMTALA because it failed to comply with Defendant's EMTALA policy.

At trial, Defendant moved for judgment as a matter of law at the close of the evidence. The district court denied the motion. The jury deadlocked, and the district court declared a mistrial. After the mistrial, Defendant moved for modification of the pretrial order. The district court modified the order to allow Defendant to add a new expert witness and to file

---

[2]Dr. Tonnemacher settled with Plaintiff shortly before trial, and he is not a party to this appeal.

another summary judgment motion. The district court then granted Defendant's summary judgment motion on the ground that Plaintiff could not show a genuine issue of material fact with respect to causation. Plaintiff timely appeals.

**[1]** We have held, relying on Supreme Court guidance in the realm of qualified immunity, that a district court may permit successive motions for summary judgment on qualified immunity. *Knox v. Sw. Airlines*, 124 F.3d 1103, 1106 (9th Cir. 1997). We have also assumed the propriety of successive motions for summary judgment outside the context of qualified immunity. *See Cable & Computer Tech. Inc. v. Lockheed Sanders, Inc.*, 214 F.3d 1030, 1038 (9th Cir. 2000) (analyzing grant of summary judgment on promissory estoppel claim after district court granted earlier summary judgment motion on contract claim); *Preaseau v. Prudential Ins. Co. of Am.*, 591 F.2d 74, 79-80 (9th Cir. 1979) (holding that, after removal of diversity case to federal court, the federal court may grant summary judgment notwithstanding earlier denial of summary judgment motion by state court). Many of our sister circuits have held that district courts may permit successive motions for summary judgment. *Narducci v. Moore*, 572 F.3d 313, 324 (7th Cir. 2009); *Lexicon, Inc. v. Safeco Ins. Co. of Am., Inc.*, 436 F.3d 662, 670 n.6 (6th Cir. 2006); *Sira v. Morton*, 380 F.3d 57, 68 (2d Cir. 2004); *Fenney v. Dakota, Minn. & E. R.R. Co.*, 327 F.3d 707, 718 (8th Cir. 2003); *Enlow v. Tishomingo County*, 962 F.2d 501, 506-07 (5th Cir. 1992). Joining those circuits, we now hold explicitly that district courts have discretion to entertain successive motions for summary judgment, independent of whether the motions involve qualified immunity.

**[2]** Federal Rule of Civil Procedure 56 does not limit the number of motions that may be filed. Indeed, the version of Rule 56 that was in effect when the district court modified the pretrial order stated that a motion for summary judgment could be filed "at any time" after certain events. Fed. R. Civ. P. 56(a), (b) (2007). Rule 56 was amended in December 2009

expressly to allow a district court to control the timing of motions for summary judgment. It now states that its default limits on the timing of such motions "apply unless . . . the court orders otherwise." Fed. R. Civ. P. 56(c). And the Advisory Committee Notes on the amendment observe that "[s]cheduling orders tailored to the needs of the specific case, perhaps adjusted as it progresses, are likely to work better than default rules." Rule 56, then, does not bar successive motions.

**[3]** Furthermore, we have held that, in effect, the possibility of summary judgment remains on the table even after a district court has denied a summary judgment motion because that order is "subject to reconsideration by the court at any time." *Dessar v. Bank of Am. Nat'l Trust & Sav. Ass'n*, 353 F.2d 468, 470 (9th Cir. 1965). Thus, the denial of summary judgment does not preclude a contrary later grant of summary judgment. Consequently, allowing a party to file a second motion for summary judgment is logical, and it fosters the "just, speedy, and inexpensive" resolution of suits. Fed. R. Civ. P. 1. Nevertheless, we are conscious of the potential for abuse of the procedure and reiterate here that district courts retain discretion to "weed out frivolous or simply repetitive motions." *Knox*, 124 F.3d at 1106.

**[4]** In holding that district courts have discretion to permit successive motions for summary judgment, we join at least five of our sister circuits. *Narducci*, 572 F.3d at 324; *Lexicon, Inc.*, 436 F.3d at 670 n.6; *Sira*, 380 F.3d at 68; *Fenney*, 327 F.3d at 718; *Enlow*, 962 F.2d at 506-07; *see also Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 569 (11th Cir. 1990) ("Two motions for summary judgment may be ruled upon in the same case . . . ."); *Williamsburg Wax Museum, Inc. v. Historic Figures, Inc.*, 810 F.2d 243, 251 (D.C. Cir. 1987) ("A subsequent motion for summary judgment based on an expanded record is always permissible."). We adopt the sound view, expressed by several of those circuits, that a successive motion for summary judgment is particularly appro-

priate on an expanded factual record. *See, e.g., Kovacevich v. Kent State Univ.*, 224 F.3d 806, 835 (6th Cir. 2000) ("District courts may in their discretion permit renewed or successive motions for summary judgment, particularly when the moving party has expanded the factual record on which summary judgment is sought."); *Whitford v. Boglino*, 63 F.3d 527, 530 (7th Cir. 1995) (per curiam) ("A renewed or successive summary judgment motion is appropriate especially if . . . [there is] the availability of new evidence or an expanded factual record . . . ." (internal quotation marks omitted)).

**[5]** We review for abuse of discretion a district court's decision to permit a successive summary judgment motion. In this case, the district court did not abuse its discretion by allowing Defendant to file another summary judgment motion after the mistrial. The deposition of an expert witness after the deadline for pretrial summary judgment motions, the testimony at trial, and the addition of a new expert witness after the mistrial expanded the factual record beyond what it had been at the time of the pretrial summary judgment motion.

Plaintiff argues, however, that the final summary judgment motion relied on a factual record identical to that underlying Defendant's unsuccessful motion for judgment as a matter of law. Because the standard for summary judgment "mirrors" that for judgment as a matter of law, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986), Plaintiff invites us to consider the motion for judgment as a matter of law to be equivalent to a motion for summary judgment.

We need not and do not decide whether a motion for judgment as a matter of law should be generally deemed a summary judgment motion for purposes of determining whether a subsequent summary judgment motion is permissible.[3] The

---

[3]We note, however, that we have elsewhere stated that "Rule 50(a)(2) is not intended as an alternative mechanism for obtaining summary judgment." *McSherry v. City of Long Beach*, 423 F.3d 1015, 1020 (9th Cir.

district court modified the pretrial order after the mistrial to allow Defendant to add a new expert witness. The new witness' testimony expanded the factual record, even though that testimony was not, as it turned out, critical to the summary judgment motion.

**[6]** Furthermore, even if the motion for judgment as a matter of law were equivalent to a summary judgment motion, Plaintiff has not demonstrated that entertaining the successive summary judgment motion was an abuse of the district court's discretion. Allowing a successive summary judgment motion potentially can save all concerned the far greater expenses of a trial. We decide, in the related memorandum disposition filed this date, that the district court's grant of summary judgment was erroneous in this case, but the denial of a summary judgment motion does not necessarily prove that the district court should have refused to allow Defendant to file it in the first place.

**[7]** Nor was the grant of summary judgment for Defendant —erroneous though it was—legally incompatible with the denial of Defendant's motion for judgment as a matter of law. A district court that denies a motion for judgment as a matter of law is deemed to have reserved the legal questions raised by the motion. Fed. R. Civ. P. 50(b). Whether there is sufficient evidence to create an issue for the jury is a question of law. *Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003). Thus, the district court's denial of Defendant's motion for judgment as a matter of law did not constitute a decision as a matter of law that a genuine issue of material fact existed.

---

2005). Of course, under Plaintiff's theory, in a case like this one in which a pretrial motion for summary judgment has been made, a motion for judgment as a matter of law would, itself, constitute a successive summary judgment motion. But whether it does or not is also a question we need not decide.

**[8]** The district court's decision to allow Defendant to file another motion for summary judgment after the mistrial required the district court first to modify the pretrial order. We review for abuse of discretion a district court's modification of a pretrial order. *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 719 (9th Cir. 2004). A district court may modify a pretrial order "only to prevent manifest injustice." Fed. R. Civ. P. 16(e). If the district court concluded that summary judgment might be appropriate, the court could properly find that it would be a manifest injustice to require a party to defend itself in a second trial without the opportunity to move first for summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (noting "due regard . . . for the rights of persons . . . to demonstrate in the manner provided by [Rule 56], prior to trial, that the claims and defenses have no factual basis").

**[9]** For the foregoing reasons, we hold that the district court did not abuse its discretion by modifying the pretrial order to allow Defendant to file a summary judgment motion after the mistrial.

AFFIRMED in part; REVERSED in part; REMANDED for further proceedings.[4] The parties shall bear their own costs on appeal.

---

[4]In a separate memorandum disposition filed this date, we reverse the district court's grant of summary judgment and one evidentiary issue and affirm on certain other issues.