

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| LEONARD N. BROWNING, | No. 10-35009 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-00286-CI |
| v. | |
| PEND OREILLE COUNTY SHERIFF'S DEPARTMENT; G. W. BARRETT, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of Washington
Cynthia Imbrogno, Magistrate Judge, Presiding

Submitted March 22, 2011**

Before: SKOPIL, FARRIS, and LEAVY, Circuit Judges.

Leonard Browning appeals a summary judgment order and an adverse jury

verdict in his pro se civil rights action alleging false arrest and use of excessive

force. We affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

## DISCUSSION

1. **False Arrest**

To prevail on his claim for false arrest, Browning was required to demonstrate "there was no probable cause to arrest him." *See Norse v. City of Santa Cruz*, 629 F.3d 966, 978 (9th Cir. 2010) (en banc) (internal quotation marks omitted). "Probable cause exists when the facts and circumstances within the officer's knowledge are sufficient to cause a reasonably prudent person to believe that a crime has been committed." *Lassiter v. City of Bremerton*, 556 F.3d 1049, 1053 (9th Cir. 2009).

Here, the arresting officer was properly granted summary judgment because probable cause supported Browning's arrest for refusing to cooperate and resisting arrest. Browning did not cooperate, responded with profanity, engaged in aggressive and threatening behavior toward the arresting officer, and attempted to walk away during the questioning. The arresting officer's violation of state law when he arrested Browning does not constitute a Fourth Amendment violation. *See Martinez-Medina v. Holder*, 2011 WL 855791 *7 (9th Cir. Mar. 11, 2011) (citing *Virginia v. Moore*, 553 U.S. 164. 177-78 (2008)).

The responding officers were also entitled to summary judgment because they were not present and did not participate in the arrest. *Hopkins v. Bonvicino*, 573 F.3d 752, 774 (9th Cir. 2009), *cert. denied*, 130 S. Ct. 2342 (2010). Finally,

because there is no constitutional violation, there can be no "municipal liability" for the county defendant. *See Long v. City and County of Honolulu*, 511 F.3d 901, 907 (9th Cir. 2007).

2.   **Excessive Force**

"An excessive-force claim that arises in the context of an arrest is properly characterized as one invoking the protections of the Fourth Amendment." *Norse*, 629 F.3d at 978. The Fourth Amendment does not, however, "prohibit a police officer's use of reasonable force during an arrest." *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1095 (9th Cir. 2006). Rather, the officer's actions must be "objectively reasonable" in light of all the facts and circumstances, "including whether the suspect was resisting arrest." *Id.*

The district court properly granted summary judgment to the responding officers because they did not witness the alleged excessive force or have any opportunity to prevent the use of force. *See Hopkins*, 573 F.3d at 777 (affirming summary judgment on excessive force claim for officer who did not participate in the arrest). Because those officers did not violate Browning's constitutional rights, the claim against the county employer also fails. *See Gregory v. County of Maui*, 523 F.3d 1103, 1109 (9th Cir. 2008) ("Because we conclude that the officers did not use excessive force in violation of the Fourth Amendment, [the] claims against the county also fail.").

A jury rejected Browning's claim of excessive force against the arresting officer. Browning argues he did not receive a fair trial because the district court excluded evidence regarding the legality of the arrest and instructed the jury that an individual does not have a right to resist even if the arrest is unlawful. We reject those arguments. The district court did not abuse its discretion when it excluded evidence the arresting officer lacked authority under Washington law to arrest Browning because this evidence was irrelevant to the question whether the arresting officer used excessive force. Moreover, the court correctly ruled and appropriately instructed the jury that Browning was not entitled to resist the arrest. *See Luchtel v. Hagemann*, 623 F.3d 975, 981 (9th Cir. 2010) ("A person does not have the right to resist arrest even if the charges are false or the arrest unlawful.") (internal parenthetical and quotation marks omitted). To the extent the court's rulings constituted a modification of the pretrial order, there was no abuse of discretion. *See Hoffman v. Tonnemacher*, 593 F.3d 908, 912 (9th Cir. 2010) (noting standard of review); *Mechmetals Corp. v. Telex Computer Products, Inc.*, 709 F.2d 1287, 1294 (9th Cir. 1983) (noting "pretrial order is not an inexorable decree and may, under proper circumstances, be modified").

**AFFIRMED**.