NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HENRY EKWEANI and IJEAMAKA EKWEANI, | No. 10-15536 |
| Plaintiffs - Appellants, | D.C. No. 2:08-cv-01101-FJM |
| v. | MEMORANDUM[*] |
| AMERIPRISE FINANCIAL, INC., | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, District Judge, Presiding

Submitted July 12, 2011[**]

Before:    SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

Henry Ekweani and Ijeamaka Ekweani appeal pro se from the district court's

summary judgment in their action against Mr. Ekweani's former employer. We

have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

grant of summary judgment. *Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1103 (9th Cir. 2008). We review for an abuse of discretion a district court's denial of a motion for reconsideration. *MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1081 (9th Cir. 2006). We affirm.

The district court properly granted summary judgment on Mr. Ekweani's retaliation and disparate treatment claims because Mr. Ekweani failed to raise a genuine dispute of material fact as to whether his complaint about Ameriprise's use of subjective and unfair factors in employment decisions constituted protected activity, and as to whether Ameriprise's legitimate, nondiscriminatory reasons for its adverse employment actions were pretextual. *See Surrell*, 518 F.3d at 1105-06, 1108.

The district court did not abuse its discretion in denying Mr. Ekweani's motion for reconsideration of the order granting summary judgment on his retaliation and disparate treatment claims because Mr. Ekweani failed to show grounds warranting reconsideration. *See* D. Ariz. L.R. 7.2(g) (reconsideration requires "a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence").

The district court did not abuse its discretion in construing Ameriprise's motion in limine, regarding the statute of limitations on Mr. Ekweani's failure-to-

promote claim, as a successive motion for summary judgment. *See Hoffman v. Tonnemacher*, 593 F.3d 908, 911-12 (9th Cir. 2010).

The district court properly granted summary judgment on Mr. Ekweani's failure-to-promote claim under 42 U.S.C. § 1981 because Mr. Ekweani failed to raise a genuine dispute of material as to whether the promotion he sought constituted an opportunity for a new and distinct relationship with Ameriprise and, therefore, a two-year statute of limitations applied and his claim was time-barred. *See Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 974 & n.5 (9th Cir. 2004) (for § 1981 claim, courts borrow the most appropriate state limitations period, which is two years in Arizona, unless the claim was made possible by a federal statute enacted after December 1, 1990); *Rodriguez v. Gen. Motors Corp.*, 27 F.3d 396, 399-400 (9th Cir. 1994) (before the Civil Rights Act of 1991, a failure to promote claim was viable under § 1981 "only if the new position entailed an opportunity for 'a new and distinct relation between the employee and the employer,' such as an increase in pay, the addition of supervisory duties, or a change in the chain of responsibility" (quoting *Patterson v. McClean Credit Union*, 491 U.S. 164, 185 (1989)).

The district court did not abuse its discretion in dismissing Mrs. Ekweani pursuant to the parties' stipulation. *See* Fed. R. Civ. P. 41(a); *Eitel v. McCool*, 782

F.2d 1470, 1471-73 (9th Cir. 1986) (setting forth standard of review and affirming under Rule 41(a)).

We do not consider plaintiffs' contentions raised for the first time on appeal. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

Plaintiffs' remaining contentions are unpersuasive.

**AFFIRMED.**

10-15536