Dwayne E. McINTOSH, a single
man, Plaintiff–Appellant,

v.

MARICOPA COUNTY COMMUNITY
COLLEGE DISTRICT; et al.,
Defendants–Appellees.

No. 09–16224.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 25, 2011.*

Filed Sept. 1, 2011.

Dwayne E. McIntosh, Gilbert, AZ, pro
se.

Erin L. Borg, Ogletree Deakins Nash
Smoak & Stewart, PC, Tucson, AZ, Leigh
Eric Dowell, Esquire, Ogletree, Deakins,
Nash, Smoak & Stewart, P.C., Phoenix,
AZ, for Defendants–Appellees.

Before: TROTT, GOULD, and
RAWLINSON, Circuit Judges.

MEMORANDUM **

Dwayne E. McIntosh appeals pro se
from the district court's summary judg-
ment in his action alleging employment
discrimination on the basis of race in viola-
tion of Title VII and 42 U.S.C. §§ 1981
and 1983. We have jurisdiction under 28
U.S.C. § 1291. We review de novo, *Noyes
v. Kelly Servs.*, 488 F.3d 1163, 1167 (9th
Cir.2007), and we affirm.

The district court properly granted sum-
mary judgment because McIntosh failed to
raise a genuine dispute of material fact as
to whether defendants' legitimate, nondis-
criminatory reason for not hiring him for
another position was pretext for discrimi-
nation. *See id.* at 1169–70 (stating that
circumstantial evidence of pretext must be
specific and substantial).

---

* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

The district court did not abuse its discretion by granting defendants' motion for reconsideration of the court's order denying summary judgment in part, given that defendants showed good cause for seeking reconsideration based on newly discovered evidence. *See* Ariz. Dist. LRCiv. 7.2(g) (providing that a motion for reconsideration may be based on a showing of new facts and may be filed after the deadline for good cause); *Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir.1993) (reviewing application of local rules for abuse of discretion); *see also Hoffman v. Tonnemacher*, 593 F.3d 908, 911 (9th Cir.2010) (district courts may entertain successive motions for summary judgment).

**AFFIRMED.**