**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TED MINK, | No. 11-15339 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-02582-DGC |
| v. | |
| STATE OF ARIZONA; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted July 17, 2012[**]

Before:    SCHROEDER, THOMAS, and SILVERMAN, Circuit Judges.

Ted Mink appeals pro se from the district court's judgment in his 42 U.S.C.

§ 1983 action alleging constitutional violations and state law claims in connection

with the impoundment of his car based on a clerical error.   We have jurisdiction

under 28 U.S.C. § 1291.  We review de novo.  *Lovell v. Chandler*, 303 F.3d 1039,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1050 (9th Cir. 2002) (sovereign immunity); *Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir. 1989) (summary judgment). We affirm.

Contrary to Mink's contentions, the district court had jurisdiction over his state law claims because those claims arose out of the same case or controversy as Mink's federal claims. *See* 28 U.S.C. § 1367(a) (providing that "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy").

The district court properly denied Mink's untimely motion to remand the case to state court. *See Vasquez v. N. Cnty. Transit Dist.*, 292 F.3d 1049, 1060 n.5 (9th Cir. 2002) (motion to remand on basis of procedural defect must be made within 30 days, or defects are deemed waived).

The district court properly dismissed the claims against the State of Arizona and its employees in their official capacities because, contrary to Mink's contention, the State did not remove the case to federal court and therefore did not waive its immunity under the Eleventh Amendment. *See Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 682 (1999) (waivers of states' sovereign immunity are not implied and must be unequivocally expressed).

The district court did not abuse its discretion in allowing a second motion for summary judgment. *See Hoffman v. Tonnemacher*, 593 F.3d 908, 909 (9th Cir. 2010) (district courts have discretion to entertain successive motions for summary judgment).

The district court properly granted summary judgment to the City of Mesa on Mink's state-law negligence claim because that claim was premised on respondeat superior liability, and the negligence claims against city employees had been dismissed. *See Ford v. Revlon, Inc.*, 734 P.2d 580, 584 (Ariz. 1987) (where negligence action is premised on derivative liability and action against underlying tortfeasors is dismissed, derivative action fails as a matter of law).

The district court properly granted summary judgment to Sorenson, Stokes, and Trefan on Mink's deliberate indifference claim because the material facts were undisputed and failed to show deliberate indifference. *See Patel v. Kent Sch. Dist.*, 648 F.3d 965, 975 (9th Cir. 2011) ("The state actor must 'recognize[ ] [an] unreasonable risk and actually intend[ ] to expose the plaintiff to such risks without regard to the consequences to the plaintiff.'" (citation omitted)).

**AFFIRMED.**

11-15339