**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUDE P. NWANDU, | No. 11-56361 |
| Plaintiff - Appellant, | D.C. No. 3:06-cv-00999-WMC |
| v. | |
| V. BACH, Sergeant; A. CASTILLO, Correctional Officer; A CORRECTIONAL OFFICER, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
William McCurine, Magistrate Judge, Presiding

Submitted December 12, 2012**

Before: HUG, FARRIS, and LEAVY, Circuit Judges.

Jude P. Nwandu ("Nwandu") appeals pro se a district court judgment

following a jury trial in which the jury returned a special verdict denying his

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

claims for excessive force under the Eighth Amendment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

Nwandu argues that the district court erred by allowing the jury to view Exhibit G, the video-taped interview in which he alleges he was beaten by prison officials. A district court's evidentiary decisions are reviewed for abuse of discretion. *Harper v. City of Los Angeles*, 533 F.3d 1010, 1030 (9th Cir. 2008).

The district court did not abuse its discretion when it admitted the recorded interview because the person who operated the camera authenticated the recording and testified that a proper chain of custody was followed after the interview concluded. Nwandu failed to rebut the testimony authenticating the recording and has offered no argument or evidence to support the conclusion that the district court abused its discretion in admitting the recording. Admitting the recording was not an abuse of discretion. *See Harper*, 533 F.3d at 1030.

Nwandu argues that the district court erred by granting defendants' motions in limine excluding medical testimony, medical documents, and reference to a prior incident involving one of the defendants.

---

[1]Because the parties are familiar with the facts underlying this appeal, we do not recount the facts here.

Nwandu could not establish that the prior incident was relevant to his current claims. He could not authenticate his medical records, establish their relevance, or overcome hearsay objections to allow their admission. Nwandu also failed to establish the relevance of his proposed medical testimony and did not submit expert reports as required by F.R.C.P. 26(a)(2). Therefore, the district court did not abuse its discretion by granting defendants' motions in limine. *See Harper*, 533 F.3d at 1030.

Nwandu argues that the district court erred when it denied his motions for appointment of counsel. A district court's denial of appointment of counsel is reviewed for abuse of discretion. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). A district court is granted the discretion to appoint counsel in exceptional circumstances. *Id.* The exceptional circumstances analysis requires the district court to consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

The district court analyzed each of Nwandu's motions for appointment of counsel under the proper standard and found no exceptional circumstances to justify the appointment. Nwandu's case was not so complex that he required legal

assistance to help present his claims. Moreover, Nwandu had participated in oral argument and had succeeded in getting his claims through the summary judgment stage. Since Nwandu was capable of handling his claims effectively and because his claims were not complex, the district court did not abuse its discretion in denying his requests for appointment of counsel. *See Palmer*, 560 F.3d at 970.

Nwandu argues that the district court erred by allowing him only thirty minutes in order to re-draft documents and prepare jury instructions. Federal judges are granted broad discretion in the way they supervise their trials. *United States v. Marks*, 530 F.3d 799, 806 (9th Cir. 2008). A district court judge's decision regarding the supervision of trial is reviewed for abuse of discretion. *Id.*

Although Nwandu claims in his opening brief that the district court gave him only a lunch break to prepare for trial, the record clearly illustrates that he was given more time. After the district court was informed that Nwandu was not given his documents, the court gave him a continuance until nine the next morning, gave him a legal pad and pen, ordered the government to give him a copy of their exhibits, and ordered the court's staff to print out copies of documents related to trial. The district court did not abuse its discretion by giving Nwandu a one day continuance to prepare for trial. *See Marks*, 530 F.3d at 806.

Nwandu argues that the district court erred by refusing to modify the pretrial order after submitting his motion for reconsideration. A district court's decision to modify a pretrial order is reviewed for abuse of discretion. *Hoffman v. Tonnemacher*, 593 F.3d 908, 912 (9th Cir. 2010). "A district court may modify a pretrial order only to prevent manifest injustice." *Id.* at 913. (internal quotation marks omitted).

The district court analyzed Nwandu's motion for reconsideration to see if granting it would be appropriate in order to prevent manifest injustice. The district court concluded that Nwandu's motion was based on a misunderstanding of the kinds of facts included in Section III of the Pretrial Order. Nwandu wanted to include disputed facts in a section that included only admitted facts. The Pretrial Order contained a fair list of admitted facts and the district court did not abuse its discretion by refusing to allow Nwandu to include disputed facts. Manifest injustice did not result from the failure to include Nwandu's disputed facts. *See Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012).

Finally, Nwandu argues that the district court erred by failing to include a state tort claim in the pretrial order. "The district court 'is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order . . . will not be disturbed unless they evidence a

5

clear abuse of discretion.'" *C.F. ex rel. Farnan v. Capistrano Unified School Dist.*, 654 F.3d 975, 984 (9th Cir. 2011) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992)).

Because the record does not reflect that Nwandu exhausted his administrative remedies, the district court did not clearly abuse its discretion by refusing to include his state tort claim in the pretrial order. *See Woodford v. Ngo*, 548 U.S. 81, 93 (2006).

**AFFIRMED.**