**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SPENCER PIERCE, | No. 12-17298 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-00239-ECR-VPC |
| v. | |
| HOWARD SKOLNIK; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Edward C. Reed, Jr., District Judge, Presiding

Submitted December 17, 2013[**]

Before:     GOODWIN, WALLACE, and GRABER, Circuit Judges.

Nevada state prisoner Spencer Pierce appeals pro se from the district court's

summary judgment in his 42 U.S.C. § 1983 action alleging that prison officials

were deliberately indifferent to his serious medical needs by failing to provide him

with adequate treatment for his back pain.  We have jurisdiction under 28 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm in part, vacate in part, and remand.

The district court properly granted summary judgment because Pierce failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent in their treatment of his back pain. *See id.* at 1058 (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to an inmate's health; a prisoner's difference of opinion concerning the course of treatment does not amount to deliberate indifference); *see also Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (requirements for establishing supervisory liability).

The district court did not abuse its discretion by denying Pierce's motion to appoint counsel because Pierce failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and requirement of "exceptional circumstances" for appointment of counsel).

The district court did not abuse its discretion by entertaining defendants' successive motion for summary judgment. *See Hoffman v. Tonnemacher*, 593 F.3d 908, 911-12 (9th Cir. 2010) (setting forth standard of review and describing trial court's discretion to permit successive motions for summary judgment).

However, the district court improperly declined to consider Pierce's claim, set forth in his Third Amended Complaint alleging that defendant Koehn retaliated against him for filing grievances. *See Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004) (holding that prisoner's complaint alleging that he was "punished for filing a grievance" was sufficient to provide notice of claim that he was retaliated against for exercising his First Amendment rights); *see also Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) ("In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt."). Accordingly, we vacate the judgment in part and remand with instructions to address the retaliation claim and provide, if necessary, an opportunity to amend this claim. *See Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (dismissal without leave to amend premature when it is not "absolutely clear" that the deficiencies of the complaint could not be cured by amendment); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) ("[B]efore dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively.").

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**