**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEWIS A. HARRY, Jr., | No. 14-16726 |
| Plaintiff - Appellant, | D.C. No. 4:10-cv-00736-CKJ |
| v. | |
| ANNA M. JACOBS; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted April 13, 2016**

Before:    FARRIS, TALLMAN, and BYBEE, Circuit Judges.

Arizona state prisoner Lewis A. Harry, Jr., appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging that defendant

Talley violated his First Amendment rights.  We have jurisdiction under 28 U.S.C.

§ 1291.  We review de novo summary judgment on the basis of qualified

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

immunity. *McSherry v. City of Long Beach*, 584 F.3d 1129, 1134 (9th Cir. 2009). We affirm.

The district court properly granted summary judgment for Talley on the basis of qualified immunity because it would not have been clear to every reasonable official that it was unlawful under the circumstances to temporarily take possession of religious property to allow for approval by the chaplain and to not ensure the property was returned earlier. *See Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2080, 2083 (2011) (discussing qualified immunity and noting that a right is clearly established only if "every reasonable official would have understood that what he is doing violates that right" (citation and internal quotation marks omitted)); *see also Walker v. Beard*, 789 F.3d 1125, 1138 (9th Cir. 2015) (elements of a free exercise claim).

The district court did not abuse its discretion in granting Talley's request to file a second motion for summary judgment to further develop the record. *See Hoffman v. Tonnemacher*, 593 F.3d 908, 911-12 (9th Cir. 2010) (setting forth standard of review and explaining that "allowing a party to file a second motion for summary judgment is logical, and it fosters the just, speedy, and inexpensive resolution of suits" (citation and internal quotation marks omitted)).

We do not consider the merits of Harry's remaining claims because Harry

does not challenge the basis for their dismissal.

**AFFIRMED.**