**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICKIE L. HILL, | No. 15-15923 |
| Plaintiff-Appellant, | D.C. No. 3:11-cv-00717-LRH-WGC |
| v. | |
| CHRISTOPHER DAVIS; PAUL MALAY, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted August 16, 2016[**]

Before:    O'SCANNLAIN, LEAVY, and CLIFTON, Circuit Judges.

Nevada state prisoner Rickie L. Hill appeals pro se from the district court's

judgment following a jury trial in his 42 U.S.C. § 1983 action alleging claims of

deliberate indifference to safety and failure to protect.  We have jurisdiction under

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291. We review de novo a district court's summary judgment for failure to exhaust administrative remedies. *Albino v. Baca*, 747 F.3d 1162, 1168, 1171 (9th Cir. 2014). We affirm.

The district court properly granted summary judgment for defendant Willis because Hill failed to raise a genuine dispute of material fact as to whether he properly exhausted his administrative remedies, or whether administrative remedies were effectively unavailable to him. *See Woodford v. Ngo*, 548 U.S. 81, 84, 90 (2006) (requiring proper exhaustion, which means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)" (emphasis, citation, and quotation marks omitted)); *Sapp v. Kimbrell*, 623 F.3d 813, 822-24, 826-27 (9th Cir. 2010) (describing limited circumstances under which administrative remedies might be effectively unavailable or otherwise excused).

The district court did not abuse its discretion in permitting defendants to file a second motion for summary judgment. *See Hoffman v. Tonnemacher*, 593 F.3d 908, 911-12 (9th Cir. 2010) (setting forth standard of review and explaining that "allowing a party to file a second motion for summary judgment is logical, and it fosters the just, speedy, and inexpensive resolution of suits" (citation and internal quotation marks omitted)).

15-15923

We cannot review Hill's contentions challenging his jury trial because Hill has failed to provide the relevant trial transcripts required to review the alleged errors. *See* Fed. R. App. P. 10(b)(2); *Syncom Capital Corp. v. Wade*, 924 F.2d 167, 169-70 (9th Cir. 1991) (dismissing appeal by pro se appellant for failure to provide relevant trial transcripts).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Hill's pending motions and requests are denied.

**AFFIRMED.**

15-15923