**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 13 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LURENZO LEE WILLIAMS, | No. 17-16725 |
| Plaintiff-Appellant, | D.C. No. 5:15-cv-03068-NC |
| v. | |
| G. KALISHER, Dr., Physician and Surgeon/CTF-North Soledad State Prison; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Nathanael M. Cousins, Magistrate Judge, Presiding**

Submitted April 11, 2018***

Before:    SILVERMAN, PAEZ, and OWENS, Circuit Judges.

Lurenzo Lee Williams, a California state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

\*\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment because Williams failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent in treating Williams's pain or denying his request for an MRI. *See id.* at 1057-60 (deliberate indifference is a high legal standard; medical malpractice, negligence, or a difference in medical opinion concerning the course of treatment does not amount to deliberate indifference).

The district court did not abuse its discretion in permitting defendants to file a new motion for summary judgment to provide *Rand* notice in a separate document. *See Hoffman v. Tonnemacher*, 593 F.3d 908, 911-12 (9th Cir. 2010) (standard of review); *see also Rand v. Roland*, 154 F.3d 952, 960 (9th Cir. 1998) (en banc) ("[T]he ultimate responsibility of assuring that the prisoner receives fair notice remains with the district court.").

The district court did not abuse its discretion by granting defendants' requests for extensions of time to file a motion for summary judgment. *See FTC v. Gill*, 265 F.3d 944, 957 (9th Cir. 2001) (district court has broad discretion to control its docket).

We reject as without merit Williams's contentions that defendant Kalisher

failed to file a timely motion for summary judgment, or that she was required to file a declaration in support of defendants' motion.

**AFFIRMED.**