NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 7 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FRED FULFORD,

Plaintiff-Appellant,

v.

DON M. GRIFFITH, D.P.M.,

Defendant-Appellee,

and

JOHN CRANSHAW; DENIES REYES,

Defendants.

No.   19-15211

D.C. No. 3:16-cv-00770-RS

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Submitted February 4, 2020[**]

Before:    FERNANDEZ, SILVERMAN, and TALLMAN, Circuit Judges.

California state prisoner Fred Fulford appeals pro se from the district court's

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment because Fulford failed to raise a genuine dispute of material fact as to whether defendant Griffith was deliberately indifferent to Fulford's foot condition. *See id.* at 1057-60 (deliberate indifference is a "high legal standard" requiring a defendant be aware of and disregard an excessive risk to an inmate's health; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference).

The district court did not abuse its discretion in granting Griffith's motion for reconsideration, because the district court considered the wrong reply brief when it initially ruled on Griffith's motion for summary judgment. *See* N.D. Cal. Civ. R. 7-9(b) (setting forth grounds for reconsideration); *see also Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993) (setting forth standard of review for compliance with local rules).

The district court did not abuse its discretion by allowing Griffith to file successive summary judgment motions. *See Hoffman v. Tonnemacher*, 593 F.3d 908, 911-12 (9th Cir. 2010) (setting forth standard of review and describing trial

court's discretion to permit successive motions for summary judgment).

We reject as unsupported by the record Fulford's contentions that the district judge was biased or that Fulford was purposefully misled as to which reply defendant Griffith meant for the district court to consider.

We do not consider matters raised for the first time on appeal, or not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

19-15211