# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-1769
_____

Susan Kelly; Timothy Kelly

*Plaintiffs - Appellants*

v.

Ethicon, Inc.; Johnson & Johnson

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Northern District of Iowa - Eastern
_____

Submitted: October 22, 2021
Filed: October 28, 2021
[Unpublished]
_____

Before LOKEN, GRUENDER, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

Susan and Timothy Kelly appeal following the district court's[1] adverse grant
of summary judgment in their diversity products liability action. We affirm.

_____

[1]The Honorable C.J. Williams, United States District Judge for the Northern
District of Iowa.

Initially, we find that the district court did not abuse its discretion in allowing defendants to file a supplemental motion for summary judgment, or in declining to strike that motion. *See Waldoch v. Medtronic, Inc.*, 757 F.3d 822, 829 (8th Cir. 2014) (standard of review for ruling on motion to strike); *Hoffman v. Tonnemacher*, 593 F.3d 908, 911 (9th Cir. 2010) (holding that district courts have discretion to consider successive motions for summary judgment).

As to the merits, we conclude that the grant of summary judgment was proper. *See Smith v. Toyota Motor Corp.*, 964 F.3d 725, 728 (8th Cir. 2020) (applying de novo standard of review to grant of summary judgment). We agree that the Kellys' claims were untimely under Iowa's discovery rule, as Susan Kelly was on inquiry notice by 2010 at the latest that the pelvic mesh product could be causing her injuries. *See Roth v. G.D. Searle & Co.*, 27 F.3d 1303, 1306 (8th Cir. 1994) (holding that the statute of limitations begins when the plaintiff "discovers or the in exercise of reasonable care should have discovered the allegedly wrongful act"); *Ranney v. Parawax Co.*, 582 N.W.2d 152, 155-56 (Iowa 1998) (en banc) (holding that the lack of a physician opinion supporting causation does not prevent commencement of the statute of limitations under the inquiry notice principle). We also agree that defendants were not estopped from asserting the statute-of-limitations defense because the Kellys did not show that they relied on defendants' alleged misrepresentations regarding the safety of the mesh. *See Osmic v. Nationwide Agribusiness Ins. Co.*, 841 N.W.2d 853, 864-65 (Iowa 2014) (finding that the plaintiff had not created a genuine issue of material fact as to whether the defendant was estopped from asserting a statute-of-limitations defense because he offered no evidence that he relied on the alleged misrepresentation).

We find that the district court did not abuse its discretion in denying the Kellys' post-judgment motion, *see United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (standard of review for Fed. R. Civ. P. 59(e) motions); *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005) (standard of review for Fed. R.

Civ. P. 60(b) motions), or in awarding costs to defendants, *see Stanley v. Cottrell, Inc.*, 784 F.3d 454, 464 (8th Cir. 2015) (standard of review applicable to award of costs).

The judgment is affirmed. *See* 8th Cir. R. 47B.

_____