**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 25 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PAUL ANTHONY ROBLEDO, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> UNKNOWN BAUTISTA, Corrections Officer II; TRINITY SERVICES GROUP, INC., Food Service Contractor; CHARLES L RYAN, Director of ADOC; RONALD ABBL, Deputy Warden, <br><br> Defendants - Appellees. | No. 23-2317 <br><br> D.C. No. 2:19-cv-05349-JAT <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted April 22, 2025[**]

Before:     GRABER, H.A. THOMAS, and JOHNSTONE, Circuit Judges.

Arizona state prisoner Paul Anthony Robledo appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging a Fourteenth

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Amendment procedural due process claim and an Eighth Amendment conditions-of-confinement claim. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Gordon v. County of Orange*, 888 F.3d 1118, 1122 (9th Cir. 2018). We may affirm on any basis supported by the record. *Chemehuevi Indian Tribe v. Newsom*, 919 F.3d 1148, 1150-51 (9th Cir. 2019). We affirm.

The district court properly granted summary judgment on Robledo's procedural due process claim because Robledo failed to raise a genuine dispute of material fact as to whether Bautista acted anything other than negligently. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986) (holding that "the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property"); *Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) (failure to follow internal prison policy does not amount to a constitutional violation); *cf. Sorrels v. McKee*, 290 F.3d 965, 973 (9th Cir. 2002) (explaining that a negligent failure to provide notice of a publication rejection did not state a due process violation under § 1983).

Summary judgment was proper on Robledo's conditions-of-confinement claim because Robledo failed to raise a genuine dispute of material fact as to whether Trinity Services Group was aware of Robledo's vitamin deficiency and disregarded any risk to Robledo's health. *See Farmer v. Brennan*, 511 U.S. 825,

23-2317

837 (1994) (explaining that an Eighth Amendment claim requires an official to have known of and disregarded an excessive risk to prisoner health).

The district court did not abuse its discretion in permitting the parties to file successive motions for summary judgment. *See Hoffman v. Tonnemacher*, 593 F.3d 908, 911 (9th Cir. 2010) (explaining that district courts have discretion to entertain successive motions for summary judgment).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

The motion to withdraw as counsel for Charles Ryan and Ronald Abbl (Docket Entry No. 35) is granted. All other pending motions and requests are denied.

**AFFIRMED.**