**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 16-1841

———————

DONALD FLYNN,
                    Appellant

v.

DEPARTMENT OF CORRECTIONS; KATHY MCCARTY, Medical Director at SCI
Coal Township; MEDICAL STAFF – ALL; SUPERINTENDENT COAL TOWNSHIP
SCI; THOMAS WILLIAMS, Unit Manager; CHARLES STETLER, Security Captain;
CO M.J. LAHR; SHIPE, Security Lieutenant; SECURITY LT. R.E. LONG;
CO NOWELL; TERESE JELLEN, Mailroom Inspector; ALL MAIL INSPECTORS;
MICHAEL CORBACIO, CAM II, PRC; CHARLES CUSTER, Unit Manager, PRC;
JOHN SIDLER, LPM, PRC; RICHARDS, Correction Officer, PRC;
CAPTAIN SCICCHATANO; MAJOR MICHAEL MILLER; ROBIN M. LEWIS, Chief
Hearing Examiner; LS KERNS-BARR, Hearing Examiner at SCI-Muncy;
RHONDA ELLETT, Deputy Superintendent at SCI-Waymart; and
SECRETARY PENNSYLVANIA DEPARTMENT OF CORRECTIONS

———————————————————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civ. No. 3:12-cv-01535)
District Judge:  Honorable Richard P. Conaboy

———————————————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 25, 2017

Before:  GREENAWAY, JR., VANASKIE and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  June 22, 2018)

_____

OPINION[*]

_____

PER CURIAM

Donald Flynn appeals a judgment against him entered by the District Court in this pro se civil rights action. For the reasons that follow, we will affirm the judgment in part, vacate it in part, and remand for further proceedings consistent with this opinion.

I.

Flynn is an inmate at SCI-Coal Township in Pennsylvania. He filed this suit under 42 U.S.C. § 1983, claiming injuries from multiple episodes of allegedly unconstitutional conduct at the prison. Pertinent to this appeal, Flynn accused various prison officials of retaliating against him for filing grievances that challenged changes in policy for inmate phone calls. The retaliation came in many forms, including placement in restricted housing, misconduct charges, and confiscation of "legal materials." Flynn separately claimed that he was placed in a "P.O.C. dry cell" for days with no water, clothes, or proper medical care.[1] For some of that time, Flynn languished in his own vomit.[2]

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The District Court observed that "P.O.C." presumably referred to the prison's "Psychiatric Observation Cell." Before coming to court, Flynn addressed the "P.O.C. dry cell" issues with the prison in Grievance No. 386960.

[2] Pro se pleadings are to be liberally construed. Moreover, insofar as the District Court dismissed certain of Flynn's claims under Fed. R. Civ. P. 12(b), we accept as true all well-pleaded factual allegations. Phillips v. Cty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). And insofar as the District Court granted summary judgment, we review the

2

Flynn's claims were progressively dismissed by the District Court in response to dispositive motions filed by the 20 defendants identified by name in the caption to Flynn's complaint ("Defendants"). The largest cohort of Defendants was granted dismissal under Fed. R. Civ. P. 12(b)(6), by order entered August 26, 2013. The dismissals were with prejudice; the District Court did not offer Flynn leave to amend.

The Defendants left in the case (Jellen, Long, Nowell, Shipe, Stetler, and Varano; collectively, "Remaining Defendants") were partially successful with a December 2013 motion for summary judgment, under Fed. R. Civ. P. 56(a). The District Court concluded, among other of its rulings, that Flynn's failure "to comply with grievance system procedural rules . . . resulted in the rejection of his final administrative appeal" of Grievance No. 386960 (in which Flynn challenged his treatment in the P.O.C. dry cell), and that this failure supported "a finding of non-exhaustion and entry of summary judgment" on the P.O.C. dry cell claims against Captain Stetler and Lieutenant Shipe (both prison security officials). The District Court's order on Remaining Defendants' motion, entered February 3, 2015, allowed only two claims to survive.

By then, discovery had long been closed and the time for filing any more pretrial motions had expired.[3] But the District Court did not make preparations for trial. Instead,

relevant evidence of record in the light most favorable to Flynn. <u>Miller v. Am. Airlines, Inc.</u>, 632 F.3d 837, 844 (3d Cir. 2011).

[3] According to the District Court's standing order for pro se litigation, where, as in this case, no scheduling order is entered, the parties have six months from the last-filed pleading in which to conduct discovery. Pretrial motions are due no later than 30 days after the close of discovery. It appears from the District Court's docket that the last-filed pleading was Remaining Defendants' August 28, 2013 answer.

3

it invited "additional dispositive motions." Remaining Defendants[4] proceeded to file a

second motion for summary judgment, which was granted by the District Court on March

4, 2016. Judgment in favor of all Defendants and against Flynn was entered that day.

Flynn timely appealed.[5]

## II.

Flynn was free to present for our consideration any appellate issues he saw fit. But

we asked that he and Defendants make sure to brief at least the following three:

> (1) Whether the District Court abused its discretion when it did not permit Flynn, either in response to the Defendants' motion for dismissal of fewer than all claims or in the Order granting that motion with prejudice, an opportunity to file an amended pleading;
>
> (2) Whether the District Court erred in determining that there existed no genuine dispute, and granting summary judgment as a result, on the issue of Flynn's exhaustion of available institutional remedies with respect to Grievance No. 386960; and
>
> (3) Whether the District Court abused its discretion in permitting defendants Stetler, Shipe, Long, Nowell, and Varano to file a second motion for summary judgment.

See Flynn v. Dep't of Corr., CA No. 16-1841 (order entered on Nov. 3, 2016) (internal

citations omitted).[6]

## III.

---

[4] Minus defendant Jellen, as the claims against her were all dismissed by virtue of the District Court's February 3, 2015 order.

[5] We have jurisdiction under 28 U.S.C. § 1291.

[6] In addition to advocating for affirmative answers to the above issues, Flynn's opening brief argues that the District Court erred in a number of other ways. We find none of those arguments persuasive, and do not discuss them further in the body of this opinion.

After careful consideration of the parties' briefs and the record on appeal, we have determined that two issues require remand to the District Court for further proceedings. First, we hold that the District Court erred when it failed to permit Flynn an opportunity to amend before granting Defendants' motion under Rule 12(b)(6) on August 26, 2013, and dismissing a substantial portion of the complaint with prejudice. This error was not completely harmless, insofar as the record demonstrates that, with an opportunity to amend, Flynn could have pleaded a plausible claim of First Amendment retaliation against defendant Thomas Williams (a unit manager at SCI-Coal Township).[7]

Second, we conclude that remand is appropriate with respect to the District Court's decision granting summary judgment to Remaining Defendants on Flynn's claims against defendants Stetler and Shipe concerning mistreatment in the "P.O.C. dry cell."[8] After the District Court ruled in favor of Stetler and Shipe on their affirmative defense of failure to exhaust institutional remedies under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), two opinions issued which bear directly on the question of when such remedies are available to be exhausted. See Ross v. Blake, 136 S. Ct. 1850 (2016); Robinson v. Superintendent Rockview SCI, 831 F.3d 148 (3d Cir.

---

[7] Williams and several other defendants were dismissed from the case because the District Court determined that Flynn failed to sufficiently allege their "personal involvement." We have explained that a plaintiff raising claims under § 1983 "must demonstrate a defendant's 'personal involvement in the alleged wrongs,'" and that he does so "by describing the defendant's participation in or actual knowledge of and acquiescence in the wrongful conduct." Chavarriaga v. N.J. Dep't of Corr., 806 F.3d 210, 222 (3d Cir. 2015) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)).

[8] We understand this claim to arise under the Eighth Amendment.

2016).[9] The District Court should have the opportunity to consider in the first instance the applicability of Ross and Robinson in this case.

For those reasons, we will vacate the District Court's judgment in part. We will otherwise affirm. The case will be remanded for further proceedings. On remand, the District Court should appoint counsel on Flynn's behalf. Flynn is eligible for appointment of pro bono counsel under 28 U.S.C. § 1915(e)(1), and he satisfies the standard for such appointment under Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993). See Powell v. Symons, 680 F.3d 301, 308 n.5 (3d Cir. 2012) ("In Tabron, we held that, after considering the merits of a plaintiff's claim as a threshold matter, a district court should consider additional factors that bear on the need for appointed counsel including: (1) plaintiff's ability to present his case; (2) the difficulty of the legal issues; (3) the degree to which factual investigation will be necessary and plaintiff's ability to pursue investigation; (4) plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which the case will turn on credibility determinations; and (6) whether the case will require testimony from an expert witness.").[10]

## A.

Flynn was at all times proceeding pro se and in forma pauperis. After Defendants filed their motion to partially dismiss the complaint, Flynn received extensions of time to

---

[9] The PLRA bars challenges to prison conditions, under § 1983, "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).
[10] By order entered October 6, 2014, the District Court had denied Flynn's motion for appointment of counsel. But it left open the possibility that it would reconsider that decision sua sponte "[i]n the event . . . that future proceedings demonstrate the need for counsel." We conclude that a need for counsel has arisen.

6

respond. Instead of a formal opposition, Flynn filed a motion for partial summary judgment. Defendants challenged Flynn's motion as premature. By order entered on August 26, 2013, the District Court granted Defendants' motion and denied Flynn's.

In granting Defendants' motion, the District Court dismissed with prejudice Flynn's claims against 15 of the Defendants. Of particular relevance here, the District Court did not say in its opinion that all of the pleading deficiencies in Flynn's complaint were incurable; in fact, neither the opinion nor the accompanying order said anything about the efficacy of an amended pleading at all. That was error.[11]

District courts are to offer amendment in pro se civil rights cases unless doing so would be "inequitable or futile." Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007). That is so even when, as here, the plaintiff does not ask for leave to amend. See Grayson, 293 F.3d at 108. Furthermore, a district court should ordinarily identify the reason(s) behind any decision to withhold such leave. See Cureton v. NCAA, 252 F.3d 267, 276 (3d Cir. 2001); cf. Foman v. Davis, 371 U.S. 178, 182 (1962) ("[O]utright refusal to grant the leave without any justifying reason [i.e., inequity or futility] appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.").

The District Court thus erred when it (1) failed to offer Flynn an opportunity to amend and (2) did not say why. Nevertheless, having considered Flynn's complaint and the record as a whole, we are confident that this error was near-harmless. Cf. Lake v.

---

[11] Our standard of review for this issue is abuse of discretion. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

Arnold, 232 F.3d 360, 373-74 (3d Cir. 2000).[12] Only insofar as the District Court dismissed all claims against Williams was Flynn actually prejudiced by the absence of leave to amend. Our explanation follows.

We first observe that Flynn's claims against Williams were dismissed for want of pleaded personal involvement. Cf. Rode, 845 F.2d at 1207. The District Court noted that Williams was "clearly listed" as a defendant but, it accurately concluded, that there was "no other mention of [him] anywhere else in the Complaint." Such a disconnect between a complaint's caption and factual recitation may potentially be fixed through a pleading amendment. See, e.g., Thomas v. Indep. Twp., 463 F.3d 285, 298 (3d Cir. 2006) ("There are no allegations showing that Wendy Potts Fleegal or Sam M. Butler were personally involved . . . . As a result, we conclude that the claims . . . against Wendy Potts Fleegal, and the claim . . . against Sam M. Butler, must be dismissed, with leave to amend.") (emphasis added). But, again, a district court may refuse amendment if it is apparent that no viable claim against the seemingly stray defendant could be stated.

---

[12] The District Court properly concluded that the Pennsylvania Department of Corrections, and the non-entity Defendants to the extent they were sued in their official capacities, all were immune from suit. Furthermore, it is apparent from Flynn's complaint that several Defendants were sued in their individual capacities either because of their supervisory stature alone or because of their simple participation in grievance and disciplinary proceedings (which, to be sure, produced adverse results for Flynn and were derided by him as unfair). The District Court properly concluded that there is no § 1983 liability under such theories. See Parkell v. Danberg, 833 F.3d 313, 330-31 (3d Cir. 2016); Chavarriaga, supra, 806 F.3d at 222; Gay v. Petsock, 917 F.2d 768, 771 (3d Cir. 1990). In addition, the District Court properly concluded that Flynn's due process claims were defective as a matter of law. See Burns v. Pa. Dep't of Corr., 642 F.3d 163, 171 (3d Cir. 2011); cf. Fantone v. Latini, 780 F.3d 184, 188-90 (3d Cir. 2015).

Here, we need not speculate about whether Flynn could have injected sufficient, plausible allegations of fact into his complaint to state a viable claim against Williams. Flynn's motion for partial summary judgment—his de facto response to Defendants' Rule 12(b)(6) motion—demonstrates that he was capable of doing so.[13]

In the motion, Flynn argued that, in retaliation for his grievances related to "being systematically shut off by prison officials during [] pre-paid phone time," Williams issued a report falsely stating that Flynn had pleaded guilty to certain charges of misconduct. Pursuant to the allegedly fabricated plea, Flynn was issued a misconduct (which became part of his prison record) and was sanctioned with a loss of phone privileges for a period of time. Flynn's motion thus indicates that, had he been permitted leave to file an amended pleading, he could have adequately pleaded a prima facie case of First Amendment retaliation against Williams. See Rauser v. Horn, 241 F.3d 330, 333-34 (3d Cir. 2001) (a plaintiff in a retaliation case must prove that: (1) he engaged in constitutionally protected conduct; (2) "he suffered some 'adverse action' at the hands of the prison officials"; and (3) "his constitutionally protected conduct was 'a substantial or motivating factor' in the decision" to take that action) (citations omitted); cf. Wisniewski v. Fisher, 857 F.3d 152, 157 n.4 (3d Cir. 2017) ("[C]omplaints to prison officials and

---

[13] Knox v. Secretary Department of Corrections, 669 Fed. App'x 611 (3d Cir. 2016), on which Defendants (now Appellees) rely in support of their harmless error pitch, see Defs. Br. at 12-13, is distinguishable. In Knox, a non-precedential opinion, we noted that "any error arising from the District Court's failure to provide Knox an opportunity to amend was harmless" because if there were a way to make the claims viable Knox would have revealed it in his objections to the magistrate judge's report. Id. at 612 n.3. Here, Flynn succeeded where Knox did not; a post-complaint, pre-dismissal filing by Flynn showed that one of his claims could be sufficiently fortified by a pleading amendment.

9

inmate requests implicate conduct protected by the First Amendment."); Watson v.

Rozum, 834 F.3d 417, 423 (3d Cir. 2016) (explaining that "[a]n adverse consequence . . .

need only be 'more than de minimis'," and finding that standard met where inmate "lost

his radio . . . and the Class II misconduct became part of his prison record."). To that

extent, Flynn will be permitted to amend his pleading on remand.[14] We will thus vacate

the District Court's judgment in part.

B.

Flynn claimed in his complaint that he was unlawfully placed in the "P.O.C. dry

cell for several days with no water, hygienic supplies, [or] clothing," and was "denied

medical attention when he was sick and vomited numerous times." This claim, targeting

the conduct of Stetler and Shipe, was the subject of Grievance No. 386960. The record

reveals that this grievance was filed with the prison on October 22, 2011, was assigned a

tracking number on October 26, 2011, and, according to the Pennsylvania Department of

Corrections Inmate Grievance System Procedures Manual, should have been resolved 15

working days later, i.e. by November 16, 2011. Flynn was informed that the prison

obtained 10 extra working days to respond, making the new deadline December 1, 2011.

It is undisputed that the prison's eventual response was untimely; the facility

manager (the adjudicator of Flynn's first-level appeal) conceded that "even with a 10

working-day extension the response [to Flynn's grievance] was not prepared in a timely

manner," noting that sometimes "circumstances occur that are beyond the control of the

---

[14] We note that it is unclear from the record whether Flynn exhausted institutional remedies with respect to a retaliation claim against Williams.

10

institution." Flynn's first-level appeal was denied on the merits. The Secretary's Office of Inmate Grievances and Appeals ("SOIGA," the final appellate adjudicator), however, dismissed Flynn's appeal on procedural grounds.[15]

In granting summary judgment to Remaining Defendants on Flynn's claims asserting unlawful treatment in the "P.O.C. dry cell," the District Court focused on Flynn's procedurally defective SOIGA appeal. The District Court correctly observed that pre-suit exhaustion of available institutional remedies—required by the PLRA—must be pursued in accord with applicable prison regulations and policies. See Woodford v. Ngo, 548 U.S. 81, 83 (2006). Flynn failed to do so with respect to his SOIGA appeal, the District Court determined, and thus failed to properly exhaust his claim prior to filing this action.

During the pendency of Flynn's appeal of that determination, the Supreme Court issued its opinion in Ross, supra, holding that there are "no limits on an inmate's obligation to exhaust," but that "[a] prisoner need not exhaust remedies if they are not 'available.'" 136 S. Ct. at 1855-56. Whether remedies are available to be exhausted by an inmate may turn on factual questions best resolved by district courts. See id. at 1862. Following Ross was our opinion in Robinson v. Superintendent Rockview SCI, 831 F.3d 148 (3d Cir. 2016). There, we agreed with the inmate that the prison "rendered its administrative remedies unavailable to him when it failed to timely (by its own

---

[15] Defendants point out that Flynn's SOIGA appeal was dismissed for three reasons: (1) his appeal to the facility manager was premature; (2) he "exceeded the two-page limit" for the narrative portion of his SOIGA appeal; and (3) he failed to submit to SOIGA a legible copy of his appeal to the facility manager. Defs. Br. at 15-16.

11

procedural rules) respond to his grievance and then repeatedly ignored his follow-up requests for a decision on his claim." Id. at 154. In so concluding, we acknowledged that "[f]ive of our sister courts have held that a prison's failure to timely respond to an inmate's properly filed grievance renders its remedies 'unavailable' under the PLRA," and that "[o]ur most relevant opinion is in line with these precedents." Id. at 153-54 (citing Small v. Camden Cty., 728 F.3d 265 (3d Cir. 2013)).

In light of Ross and Robinson, both of which post-date the District Court's exhaustion determination in Flynn's case, we believe the best course of action is to remand for renewed consideration of the exhaustion issue. The District Court will be able to address the applicability of Ross and Robinson in the first instance, and sort out any factual questions that may arise—a task for which it is uniquely well positioned.

C.

We will affirm the judgment below in all other respects. In particular, the District Court did not err in allowing defendants Stetler, Shipe, Lieutenant R.E. Long, Corrections Officer Nowell, and Superintendent David Varano to file a second motion for summary judgment. As a general matter, docket management is committed to the sound discretion of the district court. In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982). Thus, district courts have the authority to permit or restrict successive motions for summary judgment, see Sira v. Morton, 380 F.3d 57, 68 (2d Cir. 2004), or to grant summary judgment sua sponte, see Acumed LLC v. Advanced Surgical Servs., Inc., 561 F.3d 199, 224 (3d Cir. 2009). Cf. Enlow v. Tishomingo Cnty., Miss., 962 F.2d 501, 507 (5th Cir. 1992) (timing and sequence of motions, including successive summary

12

judgment motions, best lies at the district court's discretion). Whatever the limits of the District Court's considerable case-management discretion might be with respect to serial motions for summary judgment, those limits are not tested by the facts presented here. Cf. Hoffman v. Tonnemacher, 593 F.3d 908, 911 (9th Cir. 2010) (observing that "allowing a party to file a second motion for summary judgment is logical, and it fosters the 'just, speedy, and inexpensive' resolution of suits.") (quoting Fed. R. Civ. P. 1).

IV.

To summarize our disposition: we will (1) vacate the District Court's judgment in part, insofar as it dismissed all claims against Williams without giving Flynn an opportunity to amend; (2) vacate the District Court's judgment in part, insofar as it granted summary judgment, on the basis of failure to exhaust institutional remedies, to Stetler and Shipe on Flynn's claims regarding his time in the P.O.C. dry cell; (3) direct the District Court on remand to appoint counsel for Flynn, under 28 U.S.C. § 1915(e)(1); and (4) otherwise affirm the judgment.

After counsel has been appointed, the District Court may wish to permit Flynn to file an amended complaint that does only the following: (1) re-pleads the same Eighth Amendment/P.O.C. dry cell claims against Stetler and Shipe that were advanced in the original complaint; and (2) alleges, consistent with the narrative set forth in Flynn's February 2013 motion for partial summary judgment, that Williams retaliated against Flynn for his grievance activity in violation of the First Amendment. Regardless, the District Court should revisit its exhaustion ruling in light of Ross and Robinson with the aid of supplemental briefing. Among any other issues appointed counsel believes

13

appropriate to address at that time, counsel should address the timeliness question under Ross and Robinson and, more specifically, whether the prison rendered its inmate grievance system unavailable under Ross by violating or unreasonably applying its own procedures in denying Flynn's final appeal. See Ross, 136 S. Ct. at 1859-60.

We note in closing that our decision should not be read to reflect an assessment of the merits of Flynn's now-resurrected claims, nor should it be interpreted as rendering any opinion on those claims' vulnerability to affirmative defenses that the relevant defendants may wish to raise at the appropriate time, insofar as those defenses are not inconsistent with our rulings in this appeal. In addition, we are not requiring that any amended complaint filed by Flynn be met with an answer rather than a dispositive motion; the District Court, as discussed above, has significant latitude when it comes to case management and is best situated to determine how to proceed after taking the steps outlined in this opinion.